## N. GRAY et al. *vs.* JOSEPH REGAN, Administrator.

A demurrer to a bill in chancery, in which the allegations of the bill are denied, is bad. *Held,* a party cannot qualify his demurrer, or give it any other operation than what the law gives.

A party cannot demur to the whole bill, and at the same time answer to part.

When a demurrer is intended to reach only part of the bill, it should definitely state the part demurred to.

Where the bill alleges fraud, and the facts constituting such fraud are set forth in the bill, a general denial of fraud is not sufficient. Every allegation from which fraud may be inferred should be answered.

ON appeal from a decree of the superior court of chancery ; Hon. Stephen Cocke, chancellor.

The facts of this case sufficiently appear from the opinion of the court.

*W. & W. G. Thompson,* for appellant,

Cited *Trustees of Jefferson College* v. *Dickson*, Freem. Ch. R. 474 ; *Miller* v. *Helm*, 2 S. & M. 687 ; *Miller* v. *Trustees of Jefferson College*, 5 Ib. 651 ; 6 How. 320 ; 5 S. & M. 410.

*Guion & Work,* for appellee.

Mr. Justice FISHER delivered the opinion of the court.

This bill is filed to set aside a sale of property under a deed of trust, executed by N. Gray to John J. Guion and Nathan

Bryant, as trustees, to secure to John A. Gibson the payment of $80,000, evidenced by four promissory notes, falling due, 1st of January, 1839, 1840, 1841 and 1842. The note last falling due was transferred by Gibson to the complainant's intestate, and the other three notes were transferred to the defendant below, David Barrow.

The deed of trust embraces a tract of land in Hinds county, and about fifty slaves. It is alleged, that, in 1839, Barrow caused a sale to be made of all of said property, to satisfy the note then due, and became the purchaser thereof for the amount of the first note. That Gibson, who transferred the notes, attended the sale for the purpose of stimulating persons to bid freely for the property; that Barrow induced Gibson, by fraudulent statements, to withhold all competition, and to induce his friends and neighbors not to bid against him, Barrow.

Guion and Gray, who do not appear to be interested in the subject-matter of the suit, though necessary parties to the bill, filed a general demurrer. Barrow also filed a demurrer, in which he denies the allegations of the bill. This he cannot do by a demurrer. He cannot qualify his demurrer, or give to it any other operation than such as the law gives. After a general demurrer to the whole bill, he filed an answer denying, in general terms, fraud and combination. A party cannot demur to the whole bill, and at the same time file an answer as to part of it. In such case the answer would overrule the demurrer. When a demurrer is intended to reach only part of the bill, it should definitely state the part demurred to.

The answer is not sufficient in containing a general denial of fraud. Every allegation from which fraud may be inferred should be answered.

Decree affirmed.