### CROCKER *a.* BAKER.

*Supreme Court, First District; Special Term, July*, 1856.

INJUNCTION.—POSITIVE OATH TO FACTS.

To entitle plaintiff to an injunction, his complaint must show that he will be entitled to final relief.

All the facts necessary to entitle plaintiff to an injunction, must be sworn to *positively ;* and if any are stated on information and belief in the complaint, positive affidavits to prove them must be presented on the application.

Motion to dissolve an injunction.

This action was brought by Stephen Crocker against Abner Baker, Zebulon H. Benton, and the Alpine Mining Company. The object of the action was to reduce the amount of a mortgage to seven thousand dollars, and to restrain the foreclosure of it by advertisement.

The plaintiff's action was grounded on alleged fraud ; which was averred in the complaint, merely on information and belief. On the complaint an injunction was granted, which the defendant Baker now moved to dissolve.

*Charles Tracy*, for the motion.

*W. D. Booth*, opposed.

WHITING, J.—To authorize an injunction, the plaintiff's right should appear to be clear, and his title to the relief asked at least *prima facie*. (Olmstead *v.* Loomis, 6 *Barb.*, 152). This should fully appear by the complaint. If it is

not shown that the injury is irreparable, or the right of the complainant free from doubt, an injunction ought not to issue. It is not enough to show that the continuance of the acts complained of will do the plaintiff an injury ; he must show that it is a case in which he will be entitled to final relief. (Corning *v.* The Troy Iron Nail Factory, 6 *How. Pr. R.*, 89 ; Ward *v.* Deevy, 7 *Ib. ;* Wordsworth *v.* Lyon, 5 *Ib.*, 463).

The facts necessary to sustain the injunction must be sworn to positively,—if stated in the complaint positively and sworn to, it may be sufficient. If stated on information and belief, they must be supported by affidavit of the facts themselves. Mere information and belief is insufficient. All the material allegations of the complaint, however stated therein, must be supported either by the oath of the party or of witnesses. (Jones *v.* Atterbury, 1 *Code R. N. S.* 87 ; Pomeroy *v.* Hindmarsh, 5 *How. Pr. R.*, 439 ; Campbell *v.* Morrison, 7 *Paige*, 157 ; Bank of Orleans *v.* Skinner, 9 *Ib.*, 305 ; Jewett *v.* Allen, 3 *How., Pr. R.*, 129 ; Roonie *v.* Webb, 1 *Code R.*, 114, 1 *Barb. Ch. R.*, 617 ; Woodruff *v.* Fisher, 17 *Barb.*, 229 ; Pennifield *v.* White, 8 *How. Pr. R.*, 87).

When the whole equity of the complaint is denied by the answer, the rule generally is to dissolve the injunction. It does not always follow that the court in such a case will of course dissolve it ; it is matter of discretion, and under the present system when there is conflicting evidence by affidavits, the court will weigh the evidence, and hold or dissolve the injunction, as the equities of the case may seem to require.

There is a fatal defect in the plaintiff's case. All the material facts alleged in the complaint are upon information and belief, and there is no evidence in the affidavits on the part of the plaintiff sustaining any of the material facts upon which he asks relief. It is, moreover, very doubtful whether the plaintiff, if his complaint was admitted, would be entitled to the relief he asks in this suit.

(Some remarks upon the merits as stated in the complaint are omitted).

The injunction must be dissolved with ten dollars costs.