1. An injunction is never granted where the material allegations are made upon information only; and it is refused, as a general rule, in all cases where such material allegations are denied hy the party sought to be restrained.
This is an application for an injunction during the pend-ency of the action, brought to prevent the defendants from asserting any right to cancel the lease delivered by the defendant Oatman to the plaintiff, &c.
The lease, among other things, provides that “ in case of a sale, or an election to build,” said Oatman can cancel the same, lc and in such case he agrees to reimburse said tenant (plaintiff) to the amount of the value of the alterations” * stipulated to be made by him. * *
On the 15th February, 1865, Mr. Oatman, having previously conveyed the premises leased to the plaintiff with other property, to the defendant Barnum, gave notice to the plaintiff that he had sold the same, and that he should cancel the lease on the 30th day of April next, and held himself in readiness *707 to liquidate the damages and comply with the conditions expressed in said lease, consequent upon its cancellation.
The plaintiff charges and alleges, upon information and belief, that the conveyance from Oatman to Barnum was sham and colorable, and made only with the design to deprive the plaintiff of the remaining term of the lease by a collusive and pretended sale of the premises. The plaintiff claims that having built up a profitable business upon said premises, his loss will be irreparable, in case the defendants are permitted to take proceedings to cancel said lease and have him removed from the premises. .
The defendants deny every material allegation of the complaint. In direct and positive terms they assert that the conveyance to Mr. Barnum was made in good faith, and without intent to defraud the plaintiff.
The apprehended danger cannot occur prior to the 30th day of April next, and this action being triable at special term, without a jury, unless issues are asked for and framed to be passed upon by a jury, the case can be tried, and finally disposed of upon its merits before that time. " .
An injunction is never granted where the material allegations are made upon information and belief, and is refused, as a general rule, in all cases where such material allegations are denied by the party sought to be restrained. (3 Abb. Pr. 182. 5 id. 338. 7 id. 322. 9 -id. 253. 1 John. Ch. 211. 2 id. 202. 6 Paige, 295.)
Aside, therefore, from the fact that to my mind it is by no means clear that the plaintiff has not remedies for ample relief other than by this action, I am constrained to say that the application for an injunction must be' denied.
Motion denied, with $10 costs.