## A. B. FALL *v.* JACOB HAFTER *et al.*

1. CHANCERY PLEADING AND PRACTICE: DEMURRER AND ANSWER TO SAME BILL.—It is a general rule of chancery pleading, that an answer will overrule a demurrer, where both extend to the same matters in the bill; where the matters to which they severally refer are different and distinct, the answer is not a waiver of the demurrer. 1 Story's Eq. Pl., section 442.

APPEAL from the Chancery Court of Jones county. Hon. W. M. Hancock, judge.

*George L. Potter*, for appellant.

*George Wood*, for appellees.

HANDY, C. J., delivered the opinion of the court.

The appellant filed his bill in the Chancery Court of Jones county, stating, in substance, that in April, 1860, Hafter had sued out an attachment against Andrews, in which the appellant had been summoned as a garnishee, but not by service of a copy of the attachment, as is alleged is required by law; that he was prevailed on by Andrews not to pay any attention to the attachment, as Hafter knew that the appellant owed Andrews nothing and was not subject to the attachment; that Hafter well knew, at the time he took judgment against the appellant, that he owed Andrews nothing, and had no effects of his in his hands; that Andrews "cunningly and wickedly, or in combination with Hafter, and with the view to the destruction of the appellant in the premises, prevailed on him not to attend the Circuit Court and file his answer," in which conduct of Andrews, in conjunction with Hafter, gross fraud is attempted to be prac-

tised upon him, and a judgment by default was rendered against the appellant in said attachment, which Hafter is attempting to enforce by execution. The bill prayed for an injunction, etc. Andrews answered denying the alleged fraud, and Hafter filed an answer denying the fraud alleged, and, at the same time, a demurrer to the whole bill. This demurrer was sustained, the injunction dissolved, and the bill dismissed; and. hence this appeal.

The first error assigned is the dismissal of the bill on the demurrer.

It is a general rule of pleading in chancery that if there is a demurrer to the whole bill, an answer to a part of it is inconsistent with it, and will overrule it. Story's Eq. Pl., section 442. In this case the *gravamen* of the bill was the fraud committed against the appellant by Andrews, in conjunction and combination with Hafter, in the former prevailing on him not to attend the Circuit Court and answer the attachment, and in the latter taking judgment against him when he knew that he owed Andrews nothing and was not liable to the attachment. This charge of fraud is denied by the answer of Hafter, and at the same time a demurrer was filed to the whole bill. The answer was manifestly inconsistent with the demurrer—the former being a denial of the alleged fraud, and the latter being an admission of it. The answer was probably filed on the idea that it was necessary and allowable to deny the charges of fraud in order to the filing of a demurrer to the bill. But there is no just foundation for this, for the reason that an answer always overrules a demurrer; since it operates as waiver of it, upon all matters to which they both extend, and unless the parts of the bill to which they severally apply are different and distinct. Story, *Supra.*

The case then must be regarded as standing on the answer of the appellee, Hafter, to the bill, and it was error to dismiss it as on demurrer. The decree is, therefore, reversed, and the cause remanded for further proceedings in the court below.