BOARD OF SUPERVISORS OF MADISON COUNTY *v.* A. M. PAXTON.

| 56 | 679 |
| 76 | 435 |

1. INJUNCTION.  *Dissolution before hearing.*

A preliminary injunction to restrain the holder of county bonds from disposing of them should be retained until final hearing of the bill, when it charges that the defendant acquired the bonds with notice that they had been illegally issued, although such holder, in his answer, denies notice and all the equity of the bill; for the dissolution of the injunction would allow the defendant to dispose of the bonds to innocent purchasers, as the title thereto would pass by delivery, and thus thwart the object of the litigation.

2. SAME.   *When retained to hearing.*
   An injunction should always be continued until the hearing, where its dissolu-
   tion would defeat relief under the final decree, if obtained by complainant.

3. LIS PENDENS.   *Negotiable paper.*
   The doctrine of *lis pendens* does not apply to negotiable paper, except where
   it is *in custodia legis.*

APPEAL from the decision of Hon. U. M. YOUNG, Chancellor
of the Eleventh District, dissolving an injunction.

The case is stated in the opinion of the court.

*F. B. Pratt,* for the appellant.

1. An injunction should be continued to the hearing, when
its dissolution before that time will work irreparable injury by
rendering the relief sought unavailing.   Hill. on Inj., p. 103,
sect. 35, p. 108, sect. 39, p. 110, sect. 41 ; *McCorkle* v. *Brun,*
76 N. C. 407 ; *Owen* v. *Brien,* 2 Tenn. Ch. 295 ; *Murry* v.
*Elston,* 23 N. J. Eq. 127 ; *Bowen* v. *Hoskins,* 45 Miss. 189 ;
*Attorney-General* v. *Oakland,* Walk. Ch. (Mich.) 92 ; *Hoag-
land* v. *Titus,* 1 McCart. 83.

2. The doctrine of *lis pendens* does not apply to negotiable
paper.   Wade on Notice, 158, 159, sects. 369, 372.

*F. B. Pratt* also made an oral argument.

*Cowan & McCabe,* for the appellee.

1. As the answer denied all the equity of the bill and all its
material allegations, the injunction was properly dissolved.
Hill. on Inj., pp. 103–105, sects. 34, 37, p. 108, sect. 39.   *Miller*
v. *McDougle,* 44 Miss. 682 ; *Hooker* v. *Austin,* 41 Miss. 717.

2. The *lis pendens* concerning the bonds would be notice to
the world.

CHALMERS, J., delivered the opinion of the court.

The allegations of the bill show that the bonds were void
in the hands of a holder with notice of the violations of law
committed in their issuance, but were valid and obligatory in
the hands of a purchaser for value without notice.   The bill
alleged that the defendant had full notice and actual knowl-
edge of the facts connected with their issuance, at and before

his acquisition of them. It therefore prayed that he might be compelled to surrender them, and that, pending the litigation, he might be enjoined from selling or transferring them. The answer denied the equities of the bill, and asserted that defendant was a purchaser of the bonds for value without notice.

It was improper to have dissolved the injunction before final hearing. An injunction should always be continued until the hearing, where a dissolution will entirely defeat all practical relief, even though the complainant succeed in obtaining a decree. *Bowen* v. *Hoskins*, 45 Miss. 189 ; Hill. on Inj. 108 ; *Hoagland* v. *Titus*, 1 McCart. 83.

To dissolve the injunction in this case, and allow the defendant to dispose of these bonds, the title to which passes by delivery to an innocent purchaser, would effectually thwart the sole object of the litigation, and render a further prosecution of it a farce. No subsequent purchaser would be bound to take notice of the pendency of the litigation, since the doctrine of *lis pendens* does not apply to negotiable paper, except where it is *in custodia legis*. Wade on Notice, 158 *et seq.*; *Hibernian Bank* v. *Everman*, 52 Miss. 500.

Decree reversed and cause remanded.