## HENRY HENTZ ET AL. *v.* DELTA BANK.

1. CHANCERY PRACTICE. *Fraud. Answer. Demurrer.*

   When a bill in equity charges fraud, which, if true, entitles the complainant to relief, it is not liable to a general demurrer, but must be answered and the fraud denied. With an answer a defendant may demur to distinct parts of the bill not answered, and if such a demurrer be sustained, the parts of the bill demurred to will be dismissed and the trial confined accordingly.

2. SAME. *Waiver of oath. Code 1892, § 534. Injunction. Motion to dissolve.*

   Under code 1892, § 534, providing that if a complainant waives oath to a defendant's answer, the same shall not be evidence for respondent, whether sworn to or not. the answer is not evidence for respondent on motion to dissolve an injunction. Whether it could be treated as a mere affidavit. *Quære.*

FROM the chancery court of Leflore county.

HON. EDWARD F. NOEL, Special Chancellor.

The Delta Bank, the appellee, was the complainant in the court below; appellant, Henry Hentz & Co. *et al.*, were defendants there. The complainant's bill charges that one Blake

was indebted to the bank; that Blake owned stock in a compress company domiciled at Greenwood, and stock in a Louisiana corporation domiciled in New Orleans; that Blake had pledged to Henry Hentz & Co. this stock for a debt due them by him, they having discharged an indebtedness of Blake to a New Orleans bank, and received a transfer of the stock from said bank, which had held it as collateral. Dividends on this stock were declared, which were collected by McDonald, president of the Delta Bank, the complainant, at the request of Blake, and, instead of paying them to Blake, credited the amount on his indebtedness to the bank; that, shortly after this, Blake, being advised of the collection and credit on his debt to the bank, made a fraudulent transfer of the dividend collected, and to be collected, to Henry Hentz & Co., for the purpose of defeating the complainant bank; that the securities held by Henry Hentz & Co. were more than sufficient to pay the debt due them from Blake; that Blake was insolvent, and the bill prayed that Henry Hentz & Co. be required to foreclose their pledge under order of the court, so that complainant could protect itself by buying in the securities, or that complainant be permitted to pay the debt due from Blake, and have the securities assigned to it, the complainant offering to make such payment into court, upon the ascertainment of the sum, and transfer to it of the securities; that Henry Hentz & Co. were demanding of the compress company the dividends which the complainant had collected for and credited to Blake, and were threatening to sue the compress company for such dividends, and all dividends declared since the transfer of the compress stock to them. Henry Hentz & Co. and Blake filed answer, denying all fraud, and also demurred to the bill of complaint. Subsequently, Henry Hentz & Co. brought suit in the circuit court to recover of the compress company the amount of dividends which had been declared by the company after Blake had transferred his stock. A supplemental bill was filed, and injunction granted, against the prosecution of the circuit court suit.

Charges of fraud made in the original bill were reiterated. Henry Hentz & Co. and Blake again demurred, and moved to dissolve the injunction. The demurrers and motion to dissolve were overruled, and this appeal prosecuted.

*E. J. Bowers*, for appellant.

The bill in this cause is one of the most remarkable productions it has ever been our fortune to encounter. If it is to be treated as a bill on the part of a creditor to redeem, it must fall to the ground, for the reason that it is a suit by a creditor at large and not by a creditor who has reduced his claim to judgment. 3 Pomeroy, sec. 1220, note 1. We have been able to find no case in the books in which the redemption of a pledge by a third person, or creditor, has been permitted. This seems to be because the property being delivered to the pledgee, and his lien consisting largely in his possession, no subsequent lien can be placed thereon. Certainly, until there is some lien or incumbrance, some charge upon the property itself, the relations between the pledgor and pledgee cannot be interfered with by a creditor. The bill does not sufficiently charge any fraud in the assignment of the dividend, because it does not charge that the dividend was the property of Blake, or that he had any right to transfer it. The demurrer was good as to the whole bill, and ought to have been sustained and the bill dismissed, but, in any event, it should have been sustained to all that part of the bill that sought to redeem the pledge or force Hentz & Co. to foreclose the same.

The motion to dissolve the injunction should have been sustained. "Although complainant may have waived defendant's answer under oath, if defendant, notwithstanding such waiver, file a sworn answer denying the equities of the bill, the injunction will be dissolved." 2 High on Injunctions, sec. 1612.

*Coleman & McClurg*, on the same side.

The Greenwood Compress & Storage Company, one of the defendants to the original bill, was not made a party, either

complainant or defendant, to the supplemental bill praying an injunction. It was a proper and necessary party thereto. The bank had no authority to intervene and ask suspension of the circuit court suit against the compress company without its consent, in the absence of an allegation of insolvency, fraud, or collusion, or some other equitable ground, for the reason that the compress company was not dependent upon the bank for its defense. Complainant is not entitled to a foreclosure or subrogation unless it had an equitable lien or right to, or interest in, the chose in action or stock. 3 Pom. Eq. Jur., secs. 1231–1234. Such lien, right or interest must rest upon an agreement, express or implied, or equity cannot enforce it. 1 Jones on Liens, sec. 93.

*Rush & Gardner*, for appellee.
The reporter does not find a brief for appellee on file.

WHITFIELD, J., delivered the opinion of the court.

The bill charges, not as clearly as might be wished, but sufficiently, we think, that Hentz & Co. fraudulently combined with Blake to aid him in putting the dividends beyond the reach of appellee, and to aid Blake in defrauding appellee; and that the appellants knew all this when they took the transfer of the stock. We think the bill stated a good ground for relief along this line. It is well settled, of course, in this state that when a bill charges fraud, that is material, and which, if true, entitles to relief, the respondent should answer denying the fraud. He may then demur, if the demurrer be limited to other separate and distinct parts of the bill, setting up equitable grounds for relief disconnected from the fraud.

In such case, if the demurrer be sustained, the parts of the bill demurred to, unless amendment be allowed, will be dismissed and the issue fought out on the relief prayed on the ground of fraud. 6 Am. & Eng. Enc. Pl. & Pr., 426. But the demurrers in this case, after the amendment of them seek-

ing to avoid the rule that when an answer denies the fraud a general demurrer to the whole bill is overruled by the answer, still remained general demurrers, because, among other grounds, they challenged the jurisdiction of the court over the person of Blake and Hentz & Co., and also over the stocks, the subject-matter of the suit. That such a demurrer is a general one, is settled. 1 Beach's Mod. Eq. Pr., sec. 231. The demurrers being general, therefore, even after the amendment, we cannot, in the present state of the pleadings, notice the propositions set up, as that a general creditor at large, without lien, cannot file a bill to redeem, which would have been passed on had the demurrers been properly limited to these grounds only. The action of the court was correct in overruling the demurrers. 6 Am. & Eng. Enc. Pl. & Pr., 414; 40 Miss., 606; 23 Miss., 304. As the fraud is material, *Hamilton* v. *Lockhart*, 41 Miss., 460, does not apply.

It is insisted that the learned special chancellor erred in overruling the motion to dissolve the injunction, because, though answers under oath were waived, the answers, it is said, could still be used as evidence on the motion to dissolve. 2 High on Injunc., secs. 1587, 1612, are cited to support this. The cases referred to in these section are *Andrews* v. *Knox Co.*, 70 Ill., 65; *Manchester* v. *Dey*, 6 Paige, 295; *Lockhart* v. *Troy*, 48 Ala., 579. The text refers to no rule of court nor to any statute, and, it is evident, is only stating what the general equity practice was in the absence of such statute or rule. That general practice was that, though answers under oath were waived, yet, if the answers were under oath, in the absence of such statute or rule of court, the complainant could not prevent the respondent from using them as evidence, not only on a motion to dissolve, but on the hearing. 1 Am. & Eng. Enc. Pl. & Pr., p. 949, note (9); 1 Beach on Mod. Eq. Prac., sec. 356, p. 382, note (5). The similar statement in 1 Beach Mod. Eq. Prac., sec. 388, is also of the general rule, in the absence of a rule of court or a statute. He cites *Walker* v. *Hill*, 21 N. J. Eq., 191.

Now, *Manchester* v. *Dey* rested upon a rule of court. *Walker* v. *Hill* rests upon an express statute, providing that such sworn answer, though oath had been waived, shall be evidence on a motion to dissolve. Ch. Acts N. J. (Ridley Comp.), 21, sec. 23. *Troy* v. *Lockhart* held that an unsworn answer could be used on a motion to dissolve, though oath had been waived, on the alleged ground that " the sole effect of such waiver was to dispense with the necessity which would otherwise exist of requiring two witnesses to overcome the answer." The editor of 10 Am. & Eng. Enc. Pl. & Pr., p. 1075, note 2, shows that the decision is unsound, and it was overruled in *Hart* v. *Clark*, 54 Ala., 493, as pointed out in the annotated code of Alabama of 1896, p. 286, § 679.

The question here is, what is the rule now under § 534, code of 1892? The process of change from the general equity practice, by statutes, has been rapidly developed. Most of these statutes provided that, where answer under oath is waived, in cases where the bill is not filed for discovery only, the answer shall have "no more weight as evidence than the bill," but further expressly provide, as deeming it necessary to so provide, that the answer ·in such case may be used as evidence on motions to dissolve injunctions, discharge receivers, and other incidental motions. See, for the statutes of the different states, and decisions construing them, 10 Am. & Eng. Enc. Pl. & Prac., p. 1073, *et seq.*, and *Ib.*, vol. 1, p. 949, *et seq.* Our statute, if its letter is to govern, embraces bills for discovery, and it is stringent in the declaration that the answer, sworn or unsworn, shall not be evidence. And again, unlike the statutes above referred to, it contains no exception providing that it does not take from the sworn answer in such case— where the oath was waived—all value as evidence on a motion to dissolve, etc.

The editor of the Am. & Eng. Enc. Pl. & Pr. (vol. 10, p. 1073, note 2) says that " the statute of Alabama permitting the plaintiff to waive an answer, and the defendant to answer,

without an oath, seems to have been intended merely to affect the rules of evidence on the final hearing." He is speaking of the statute when *Troy* v. *Lockhart* was decided. But that statute simply provides that the answer shall have no more weight as evidence than the bill. And the thirty-second rule of chancery practice in Alabama (code of 1896, p. 1209) now provides that the sworn answer, in such case, may be used as evidence on a "motion to dissolve an injunction or to discharge a *ne exeat.*"

As shown, we have no such rule of court, and no exception in our statute saving the right to use the sworn answer, on a motion to dissolve an injunction, where oath has been waived, and the letter of the statute embraces all bills, and says the "answer, sworn or unsworn, shall not be evidence."

Without now deciding—as unnecessary to decision—that, with us, the sworn answer cannot be used as an affidavit, or as evidence on motions to dissolve, it is sufficient to say that, under the principles of *Madison County* v. *Paxton*, 56 Miss., 679, and *Jones* v. *Brandon*, 60 Miss., 556, the chancellor did not abuse his discretion, under the pleadings here, in retaining the injunction till the hearing.

*Affirmed.*