NATHANIEL R. SLEDGE *v.* MARGARET I. DICKSON.

CHANCERY PRACTICE.   *Demurrer to part of bill.   Answer to part.   When improper.*

Where the different paragraphs of a bill in equity are merely successive steps in stating the complainant's cause of action and are interdependent, so that the bill cannot be segregated into parts, the defendant cannot demur to a part and answer a part of the bill; an answer in such case necessarily waives a demurrer.

FROM the chancery court of Quitman county.

HON. A. McC. KIMBROUGH, Chancellor.

Sledge, appellant, was complainant, and Mrs. Dickson, appellee, defendant in the court below. The defendant filed a demurrer to parts of the bill—certain paragraphs—and answered certain other paragraphs. Upon the hearing the demurrer was sustained and the bill dismissed, and complainant appealed to the supreme court. The nature of the bill, so far as concerns the question decided, is shown by the opinion of the court.

*Tim E. Cooper*, for appellant.

The demurrer in this case should have been overruled. We understand the law to be that where the defendant answers and demurs the answer overrules the demurrer, if it goes to the same part of the bill, or if the demurrer in any form or effect goes to any part of the bill which is answered. *Baines* v. *McGee*, 1 Smed. & M., 208; *Bond* v. *Jones*, H. S. & M., 368; *Fall* v. *Hafter*, 40 Miss., 606; *Gray* v. *Reggin*, 1 C., 304.

*Mayes & Harris*, for appellee.

The first point made by the appellant is this : That the demurrer interposed by the defendant in the court below, and which was sustained by the chancellor, should have been overruled, and it should have been overruled because, as counsel puts it, "The answer overrules the demurrer if it goes to the same part of the bill, or if the demurrer in form or effect goes to any part of the bill which is answered."

Admit the rule as counsel states it, yet it has no application to this case. It is perfectly well settled that a bill which charges fraud must be answered, and a demurrer which is not supported by an answer will be overruled for that reason alone. This rule of equity pleading is set forth and relied on in *Shearer* v. *Shearer*, 50 Miss., 115.

It is not true that in this case the pleading for the defendant, which was both an answer and a demurrer under the rule laid down in the *Shearer case*, was so drawn as to apply both the answer and the demurrer to the same parts of the bill.

Argued orally by *Tim E. Cooper*, for appellant.

WHITFIELD, C. J., delivered the opinion of the court.

This decree must be reversed upon the ground that the answer necessarily overruled the demurrer. It is, of course, elementary that a defendant may plead to part of the bill, answer part, and demur to part. It is also true that where fraud is charged in the bill there must be an answer denying so much of the bill as charges the fraud. Counsel for appellee has made an exceedingly subtle and ingenious argument upon these premises, endeavoring to show that he has demurred to specific paragraphs, and not to the whole bill, and that his answer is to other and different paragraphs of the bill, and that he has not demurred to any part of the bill which is also answered. The trouble about the demurrer, however, in this particular case, is this: The bill is not one, in its nature, which can be

segregated into parts, one of which may be answered and the other demurred to.   The different paragraphs of this bill are merely successive steps in the statement of a chain of title, so to speak; successive steps in stating one transaction, one claim, to wit: The complainant's title to an undivided half interest in the land described in the bill.   That is the purpose of the bill.   It is framed, as a unit, to present that view, and each of the paragraphs is so logically connected with and interdependent upon every other paragraph of the bill as that it must be answered as a whole or demurred to as a whole.   It is not logically possible to pick out any one or more paragraphs and demur to them, saying you demur to them only, because, from the nature of the bill, as stated, the pleader would demur not only to the bare statements contained in these specific paragraphs, considered in themselves, but also demur to the legal effect of such paragraphs, integrated into them from the other paragraphs not demurred to.   It follows as a logical necessity, therefore, that, from the very nature and structure of this bill, the answer necessarily overruled the demurrer, and this precisely, and this only, is what we hold.

*Decree reversed, demurrer overruled, and cause remanded.*