NORWICH UNION FIRE INSURANCE COMPANY *v.* STANDARD
DRUG COMPANY.

[78 South. 353, Division B.]

1. EQUITY. *Pleading. Demurrer. General demurrer.*

Where three separate demurrers were interposed to a bill in equity two of which were by counsel termed special demurrers and one a general demurrer and each challenged the complainant's right to recover at all, and each demurrer was to the whole bill, and each submitted reasons claimed to be in bar of any recovery. In such case all three of the demurrers were general demurrers.

2. EQUITY. *Pleading. Answer overruling demurrer.*

Where a defendant demurred generally to a bill in equity and then answered the whole bill denying every material averment thereof. In such case the answer overruled the demurrer and the supreme court on appeal was precluded from considering the grounds of the demurrer.

3. EQUITY. *Pleading. Demurrer. Charge of fraud.*

A defendant charged with fraud may always challenge the sufficiency of the complainant's averments of fraud, and if the bill does not in fact set out the facts and circumstances forming the basis of the alleged fraud, or to state differently, if the bill does not in fact charge fraud, the defendant may always demur without interposing an answer.

4. SAME.

If, on the contrary, the bill upon the allegations of fraud states a good ground for relief along this line, or charges fraud that is material, and which, if true, entitles to relief the respondent should answer denying the fraud. He may then demur if a demurrer be limited to other separate and distinct parts of the bill, setting up other equitable grounds for relief disconnected from the fraud.

5. EQUITY. *Pleading. Demurrer. Answer.*

If the different paragraphs of a bill in equity are merely successive steps in stating the complainant's case and are interdependent so that the bill cannot be segregated into parts, the defendant cannot demur to a part and answer a part.

APPEAL from the chancery court of Lauderdale county. HON. G. C. TANN, Chancellor.

Suit by the Standard Drug Company against the Norwich Fire Insurance Company. From a judgment for plaintiff, defendant appeals.

The facts are fully stated in the opinion of the court.

*McLaurin & Arminstead,* for appellant.

*Amis. & Dunn,* for appellee.

STEVENS, J., delivered the opinion of the court.

Appellee, Standard Drug Company, sued in equity to recover from appellant one thousand five hundred dollars, statutory penalties under section 500, Code of 1906, and chapter 250, Acts of 1912, section 3289, Hemingway's Code; and also to recover back certain alleged overcharges on premiums exacted by appellant on three fire insurance policies. A demurrer was interposed to the original bill, the demurrer confessed, and thereafter the bill was amended. To the bill as amended the defendant interposed three demurrers. It is conceded that one of these demurrers is a general demurrer charging in substance that there is no equity on the face of the bill; that the complainant has a clear, adequate, and complete remedy at law; and that the chancery court has no jurisdiction of the subject-matter of this suit. The other two demurrers are termed by appellant as special demurrers. A statement of the grounds of one of these alleged special demurrers will illustrate the general character of each demurrer. The grounds of one of these so-called special demurrers are as follows:

"(1) Because the penalties demanded in the bill of five hundred dollars each, totaling one thousand five hundred dollars, on policies Nos. 6560370, dated January 5, 1913, 718960, dated January 5, 1914, and 7189947,

dated January 5, 1914, are barred by the one year's statute of limitations, section 3101 of the Code of 1906.

"(2) Because the attempt to avoid the effect of the statute of limitations, section 3101 of the Code of 1906, by a charge of concealed fraud, is not sufficient, because the date of the discovery of the alleged fraud is not sufficiently shown.

"(3) Because the amended bill does not show when or how the fraud was discovered; that is, the allegations in reference to fraud are not sufficiently clear and distinct.

"(4) Because the averments charging a failure to discover the fraud charged in said bill, whereby complainant seeks to avoid the effect of section 3101 of the Code of 1906, do not show due diligence on the part of the complainant.

"(5) Because the character of the fraud charged is such that it must necessarily have been discovered more than a year before this suit was filed if complainant had used any diligence whatever in connection with ascertaining the reasonableness of his rates, if they were unreasonable, when he took out said policies of insurance.

"(6) Because the bill does not set up or show any relation of trust or confidence between the defendant, the party charged with the fraud, and the party affected by it, the complainant, which rendered it the duty of the defendant to disclose to complainant any particular information as to the cost of insurance, nor does it show any positive act of fraudulent representation or concealment done directly toward the complainant.

"(7) Because the fraud alleged, if it constitutes an exception, would only be an exception from the time it could have been discovered by due diligence, and the bill does not negative the idea that due diligence would not have discovered it sooner.

"(8)   The amended bill as to the penalties under section 5007 sets up a new cause of action, and it does

not show on its face that the fraud complained of was discovered within a year before the amended bill was filed.

"(9) Because the amended bill does not show that more than a year did not elapse between the date of the discovery of the fraud and the date of filing the amended bill.

"(10) Because the statute on trusts and combines, section 5007 of the Code of 1906, and the amendments thereto, do not authorize a recovery by an individual suffering loss from a combine of the insurance companies to maintain rates.

"(11) Because the statute authorizing a recovery by an individual for any injury or damage as the result of a trust or combine only authorizes a recovery where the party complaining 'has been compelled to pay more for any commodity, or to accept less for any commodity, or to pay more for any service rendered by any corporation exercising a public franchise by reason of the unlawful act or agreement of the defendant trust, its officers, agents or attorneys,· than he would have been compelled to give or accept, but for such unlawful act or agreement'; and that this statute gives no right of action to the complainant in this suit.

"(12) Because insurance is neither a commodity nor a service rendered by a corporation exercising a public franchise.

"(13) Because, even if the bill of complaint herein states a cause of action against this defendant, complainant would only have a right to recover the actual damages, if any, proven, plus five hundred dollars, and not the actual damages and five hundred dollars, for each overcharge, as is sought to be recovered here.

"(14) And for other causes to be assigned on the hearing."

In addition to the three demurrers, appellant, as defendant in the court below, filed an answer. Presumably, this answer of the defendant was filed for the

purpose of denying the fraud charged in the amended
bill, but the answer in fact denies practically all of
the material allegation of the bill. The bill as amend-
ed charges that during the time from January 5, 1911,
to January 5, 1915, the defendant· and all other fire
insurance companies doing business in Mississippi com-
mitted to the Mississippi Advisory Rating Company
at Vicksburg the right and power to fix premium rates
to be charged by all fire insurance companies in this
state; that this Advisory Rating Company did fix the
premium rates; that all insurance companies abided
by the rates fixed by the rating company; that these
premium rates were unreasonable, exorbitant, and op-
pressive; that the rate as fixed was one dollar and
twenty cents per hundred, which rate the complainant
was required to pay on three policies listed in an ex-
hibit to the bill; that a reasonable rate would have
been forty cents per hundred; that there was no com-
petition between the insurance companies on rates,
and the result of the agreement of the said companies
was to prevent competition; that the complainant has
been actually damaged in the sum of one hundred and
six dollars and fifty cents overcharges, which amount
complainant is entitled to sue for and recover back;
that the defendant has violated the statutes of Missis-
sippi, especially chapter 250, Laws of 1912, and section
5007, Code of 1906, and complainant is entitled to re-
cover five hundred dollars penalty for each of the un-
lawful acts complained of; that complainant is entitled
to an accounting for the indebtedness sued for and
for a personal decree for the amount found to be due.
The answer denies that the defendant committed to
the Mississippi Advisory Rating Company the power
to fix premium rates; denies that the defendant author-
ized the said rating company or consented or agreed
that it should fix premium rates to be charged by said
defendant; denies that the rates charged were unreason-
able, exorbitant, or oppressive, and avers that the rate of

one dollar and twenty cents per hundred was a fair and reasonable rate; denies that the defendant has ever been a member of any trust or combine for the purpose of charging exorbitant premiums, and that there was no competition between the defendant and other companies; denies that the complainant at any time within one year prior to the filing of the amended bill discovered any fact or facts not theretofore known in reference to said rates whereby the complainant, as alleged in the bill, was without knowledge of the fraud charged; and denies any combination, trust, or combine whatever, or that the complainant has suffered any wrongs or injuries at the hands of the defendant. The chancellor entered separate decrees overruling each of the demurrers and granted the defendant an appeal to this court. The assignment of errors presents the merits of the various grounds of demurrer. It is expressly contended by counsel for appellee that the answer of the defendant overruled each of the demurrers.

We are confronted at the very threshhold of this case with a question of pleading. The gravaman of the bill is an alleged unlawful and fraudulent combination and conspiracy in violation of our anti-trust laws. The issue on the merits of this case will be a single issue. While three separate demurrers were interposed, two of which are by counsel termed special demurrers and one a general demurrer, each challenges the complainant's right to recover at all, each demurrer is to the whole bill, each submits reasons claimed to be in bar of any recovery, and all, therefore, are general demurrers. Regardless of the intention of the pleader to address the answer to those averments of the bill charged or attempting to charge fraud, the answer in fact is to the whole bill, denying as it does practically every material averment. This being so, the answer overrules the demurrers. In this attitude of the record, and under prior decisions of this court and under well recognized

equity pleading, we are precluded from considering the grounds of the demurrer. No matter what the real ground upon which the learned chancellor based his opinion overruling the demurrers, the fact is that a decree was rendered overruling each demurrer, and the correctness of these decrees is the only thing presented by this appeal. The demurrers in fact raised serious and interesting legal questions, none of which can be considered by us. This case is expressly ruled by previous decisions of our own court. In *Gray* v. *Regan*, 23 Miss. (1 Cush.) 304, our court said:

"After a general demurrer to the whole bill, he filed an answer denying, in general terms, fraud and combination. A party cannot demur to the whole bill, and at the same time file an answer as to part of it. In such case the answer would overrule the demurrer."

Again in *Fall* v. *Hafter et al.*, 40 Miss. 606, it is said:
"The answer was manifestly inconsistent with the demurrer; the former being a denial of the alleged fraud, and the latter being an admission of it: The answer was probably filed on the idea that it was necessary and allowable to deny the charges of fraud in order to the filing of a demurrer to the bill. But there is no just foundation for this, for the reason that an answer always overrules a demurrer, etc."

It is sometimes said, and correctly so, that a defendant charged with fraud cannot demur until he answers, purging himself of any fraud and taking issue with the complainant on any allegations of fraud. But, as stated in *Hamilton & Young* v. *Lockhart et al.*, 41 Miss. 460:

"The rule invoked is subject to this qualification: If the fraud is well charged, so as to make a case for equitable relief, the bill cannot be dismissed on a demurrer. But if the fraud charged is not of such character, or has not been committed under such circumstances

as to entitle the complainant to equitable relief in regard to it, then a demurrer is proper.''

A defendant charged with fraud may always challenge the sufficiency of the complainant's averments of fraud, and if the bill does not in fact set out the facts and circumstances forming the basis of the alleged fraud, or to state differently, if the bill does not in fact charge fraud, the defendant may always demur without interposing an answer. If, on the contrary, the bill upon the allegations of fraud states, as said by our court in *Hentz* v. *Bank*, 76 Miss. 429, 24 So. 902, ''a good ground for relief along this line,'' or ''charges fraud that is material, and which, if true, entitles to relief, the respondent should answer denying the fraud. He may then demur, if a demurrer be limited to other separate and distinct parts of the bill, setting up other equitable grounds for relief disconnected from the fraud.''

The demurrer here was not to distinct portions of the bill, but went to the entire bill. The demurrers here are claimed to be in bar of the complainant's recovery. But to go a step further, the case at bar falls within the rule announced in *Sledge* v. *Dickson,* 81 Miss. 501, 33 So. 282, holding that, if the different paragraphs of a bill in equity are merely successive steps in stating the complainant's case and are interdependent so that the bill cannot be segregated into parts, the defendant cannot demur to a part and answer a part. The basis of this suit is an alleged violation of our anti-trust statutes. The bill ''is framed as a unit to present that view.'' We are not concerned with the argument as to whether this violation of the statutes under the facts charged constitutes fraud *per se* or fraud as defined and recognized in equity jurisprudence. It is sufficient to say that the material allegations are denied by answer.

For the reasons indicated, the decrees appealed from will be affirmed and the cause remanded. That the substantial rights of appellant may not be prejudiced

by the judgment of affirmance, and that it may not be embarrassed in presenting fully by answer its defense, leave will be given appellant to amend, if it so desires, its answer within thirty days after receipt of the mandate by the chancery clerk.

*Affirmed and remanded.*