WHITE *v.* PRICE ET AL.

[80 South. 768, Division B.]

EQUITY. *Pleading. Answer and demurrer to bill.*

> Where the gravaman of a bill was an alleged combination and conspiracy of a trustee and defendants to defraud complainants, and defendants demurred and filed an affidavit denying the alleged combination and conspiracy to defraud—in such case, regardless of the intention of the pleader to address the answer to those averments of the bill charged or attempting to charge fraud, the answer in fact is to the whole bill, denying as it does every material averment. This being so, the answer overruled the demurrer.

APPEAL from the chancery court of Hinds county.
HON. O. B. TAYLOR, Chancellor.

Bill by Mrs. Harriet K. White against Dr. R. L. Price and others. Demurrer sustained to bill and amended bill and complainant appeals.

The trust instrument referred to in the opinion is as follows:

"This indenture made and entered into this the 22d day of June, 1894, between Mrs. Frances Elizabeth Kausler, wife of Jacob A. Kausler and Jacob A. Kausler, her husband, parties of the first part, and Marcellus Green, trustee, party of the second part, and Emma Kausler, Lizzie Kausler, Harriet Kausler, Elinor Kausler, Jacob A. Kausler, Jr., Geo. S. Kausler, and Fannie W. Kausler, Mary Kausler, and Joseph Kausler, the last three being the children of Joseph Kausler, deceased, parties of the third part, witnesseth: that for and in consideraton of the sum of ten dollars cash to Mrs.

Frances Elizabeth Kausler, in hand paid by said party of the second part, the receipt of which is hereby acknowledged, and in further consideration of the trust hereinafter created, said parties of the first part hereby convey and warrant to the said party of the second part as trustee; that land with the appurtenances in the city of Jackson, county of Hinds and state of Mississippi, described on the map of said city by H. C. Daniels of 1875 as follows: The South half of the North one-quarter of ten-acre lot, 10, North Jackson, together with all the personalty now upon said premises belonging to the grantors herein, including household goods and silverware. But this deed is upon the following trust, that said property herein conveyed shall be for the sole and only use of the said parties of the first part during the natural life of each of them without rent or other charge thereon, and the same shall continue hereafter as at present to be the homestead of said parties of the first part that upon the death of the survivor of said parties of the first part, the said property hereby conveyed shall be for the sole occupation, use and benefit without rent or other charge therefor to the said Emma Kausler, Lizzie Kausler, Harriet Kausler and Elinor Kausler as tenants in common as a home so long as said Emma, Lizzie, Harriet and Elinor shall remain unmarried and in case either said Emma, Harriet, Lizzie or Elinor shall marry then for the sole use, benefit and occupation of such of said persons as do not marry for and during their natural lives, that upon the marriage of either said Emma, Lizzie, Harriet or Elinor Krausler, the right to occupy said property as a homestead shall as to such persons so marrying cease and determine unless before the termination of the occupation of the others, the said persons so marrying shall become a widow, in which case her right to reoccupy as a homestead shall continue as before, that upon the death of the last survivor of

said Emma, Lizzie, Harriet and Elinor Kausler if single, or widowed and upon the marriage of all said persons, namely Emma, Harriet, Lizzie and Elinor Kausler, it shall be the duty of said trustee to sell said property hereby conveyed or such part thereof as then remains and to distribute the proceeds among the said persons named as parties of the third part share and share alike, the children of Jacob Kausler then surviving to take jointly a share equal to that of the other persons named as said parties of the third part, it being intended that each of the persons named as parties of the third part, except Fannie W., Mary and Joseph Kausler, Jr., should take an equal share of the proceeds of said sale, and that Fannie W., Mary and Joseph shall jointly take a share equal to that of each of the other persons named as partes of the third part. That if any of said persons named as parties of the third part shall die before the time for distribution without children, then the share of each person so dying shall pass into hotchpot and be distributed among the parties of the third part or among their children *per stirpes* if they shall be dead, as part of the original fund. That in case of sale by the trustee the said Jacob A. Kausler, Jr., and George Kausler or either of them if they so elect in writing to the trustee before the sale, shall have the preference of purchase of said property at the price said trustee can obtain from other persons, but their election shall end with a conveyance to the purchaser. That said trustee to carry out the provisions of this trust shall have power to sell said property at public or private sale for cash or upon such reasonable credit as in his judgment will best promote the interest of the parties and shall distribute the proceeds of such sale in accordance with the terms of this instrument. That in case said Emma, Lizzie, Harriet or Elinor Kausler while occupying the said homestead shall have need of money for repairs, taxes or other necessary charges

upon said property then upon written request of said Emma, Lizzie, Harriet and Elinor Kausler or of such of them as at the time have the right of occupation of said homestead of this instrument said trustee shall sell such part of said property as may be indicated by said written request, and shall sell and convey the same to the purchasers upon such terms as said trustee may in his direction see proper, and out of the proceeds said parties so requesting said sale shall make the repairs, discharve the taxes or charge thereon and hold the balance, if any, for like purposes in the future. Upon the final distribution by the trustee any funds then on hand arising from such sales upon request shall be distributed as part of the proceeds of the sale. It is especially stipulated and agreed that the trustee herein shall not be liable for the failure of any one to do or not to do any act required by this deed, nor for the preservation of the property, nor for the funds or their distribution except those received and distributed by him, but that as to such matters he is merely the legal trustee without any duty or responsibility being imposed except as to the sale and distribution of the proceeds.

"It is hereby covenanted that if said party of the second part for any reasons should become unwilling, unable or decline to act, then it shall be lawful for the said parties of the third part, or any two of them in writing to petition the chancellor of the chancery court of Hinds county, state of Mississippi, for the appointment of a trustee in his stead and such appointment shall be made by an order on the minutes of said court, and all the powers and duties shall be vested in said instrument in such party of the second part.

F. E. KAUSLER.<br>"J. A. KAUSLER."

*G. E. Williams* and *Teat & Teat,* for appellant.

*Wells, May & Sanders,* for appellees.

119 Miss.—20.

Cook, P. J., delivered the opinion of the court.

Appellant filed her original bill of complaint in the chancery court of Hinds county, and a demurrer was filed by appellee, which was sustained by the court. Whereupon appellant, by leave of court, filed an amended bill of complaint, appellee again demurred, and this demurrer was also sustained.

The original bill states the deaths of the grantors, and alleges that M. Green resigned as trustee in 1906, and that the Mississippi Bank & Trust Company was illegally appointed trustee by the chancery court of Hinds county; that immediately thereafter the Mississippi Bank & Trust Company filed its petition, or rather three of the single daughters filed their petition, to the chancery court, praying that the trustee be authorized and empowered to sell a portion of the trust estate, and that such sale be subject to the confirmation of the court. An itemized account of what petitioners claimed the estate was indebted to them was attached to their petition, which, as will be seen, was made an exhibit to their petition. The petition above mentioned was an *ex parte* petition, in which none of the other beneficiaries were joined nor given notice. It will be noted that the decree granting the sale was rendered on the same day the petition was filed; that the petition for confirmation and the decree confirming the sale to appellee were filed and granted on the same day; that this petition was also an *ex parte* petition, with the Mississippi Bank & Trust Company the petitioner, instead of the three single daughters who were petitioners for the sale, and that none of the beneficiaries were joined in this petition. Appellant alleges that she had no notice of any kind of these proceedings.

The Mississippi Bank & Trust Company, as trustee, delivered to appellee Dr. R. L. Price a deed to a lot sixty feet by two hundred feet for the consideration of

one thousand, six hundred and fifty dollars. Now a year after this sale it is alleged, and the exhibits show, that appellee Dr. Price desired to buy more property, and the same three parties sent a written request to the Mississippi Bank & Trust Company, as trustee, stating to it that the said appellee was desirous of buying an additional tract of land, whereupon the Mississippi Bank & Trust Company, as trustee, filed with the court below a petition, praying for an order granting it the right to make the sale. This was also an ex parte petition, joining none of the beneficiaries, and appellant alleges that she had no notice of the proceeding. It will be seen that the petition for the sale, the order granting the sale, the petition for confirmation of the sale, the order confirming the sale, and the deed to appellee from the Mississippi Bank & Trust Company were filed, granted, and delivered on the same day.

Appellant alleges in her bill that all of the proceedings on the part of the Mississippi Bank & Trust Company and appellees were contrary to the terms of the instrument creating the trust; that the proceedings did not follow the conditions and terms providing for the sale of the property of the estate; that same was done for the purpose of defrauding appellant; that the chancery court was without any jurisdiction of the subject-matter, was without jurisdiction of the persons of the parties, and that for this reason could not exercise any authority itself, or grant any authority to the trustee to divest the title of the said property from appellant; that the proceedings on the part of the chancery court and appellees were without notice to appellant, complainant below, and other allegations.

The learned chancellor, as indicated by his opinion filed in the record, tentatively admitted that the proceedings in his court might have been without authority of law. Nevertheless he was of opinion that the bill of complaint showed that the trustee proceeded strictly in

accordance with the terms of the trust deed, and in making the sale with this assumed predicate the demurrer was sustained.

It will be observed that the appellant, by her bill of complaint, admitted that the trustee was fully authorized to sell the real estate for the purposes set out in the trust deed, but she alleged, as a matter of fact, that the sale was not made for that purpose. So the gravaman of the bill is the alleged combination and conspiracy of the trustee and appellees to defraud the appellant.

It will be noted that appellee did not answer the bill of complaint; he demurred, accompanying same with an affidavit denying the alleged combination and conspiracy to defraud complainant.

"Regardless of the intention of the pleader to address the answer to those averments of the bill charged or attempting to charge fraud, the answer in fact is to the whole bill, denying as it does . . . every material averment. This being so, the answer overrules the demurrers." *Norwich Union Fire Ins. Co.* v. *Standard Drug Co.,* 117 Miss. 434, 78 So. 354.

We are of opinion that the decrees of the chancery court sustaining the demurrer should be reversed and the cause remanded, with leave to the appellees to answer the bill of complaint within thirty days after the mandate is filed in the court below.

*Reversed and remanded.*