No. 57.—JOHN D. FIELD, sen. plaintiff in error, *vs.* ANDREW HOW-ELL, defendant in error.

[1.] When the bill to enjoin a trespass, together with the answer responsive thereto, show a lease in the defendant, older than the complainant's title, the injunction will be dissolved, upon motion, after the coming in of the answer.

[2.] When an answer is responsive to a bill, defined.

[3.] A lease, for a term of years, being a chattel, may be made to commence *in futuro.*

[4.] When one buys land at Sheriff's sale, upon which there is a lease from the defendant in execution, older than the judgment, and at the time of the sale the lessee has not entered into possession, he buys it subject to the right of entry and user under the lease.

Motion to dissolve injunction. Decided by Judge WRIGHT, at Chambers, November, 1849.

John D. Field, sen. filed his bill, returnable to Lumpkin Superior Court, against Andrew Howell, charging, that in 1848, at a Sheriff's sale in Union County, he became the purchaser of lot No. 93, in the 10th district and 1st section of originally Cherokee now Union County, sold as the property of one Lorenzo D. Smith, and took a deed to the same from the Sheriff, who thereafter put the complainant in possession of the same; that said lot was valuable for gold mining, but at the time of the sale, the title to the land being in litigation, the mining was restrained by the order of the Superior Court of Union County; that subsequently, the litigation was determined in favor of Smith's title, whereupon complainant commenced and continued to mine for gold; that afterwards, one Andrew Howell, who by some means

had obtained a lease from Lorenzo D. Smith to a part of this lot, filed a bill in the Superior Court of Union County, against complainant, and one John Hall, who was mining for him, charging them to be trespassers, and praying an injunction, which injunction is still pending. The bill farther charged, that Howell never was in possession of the premises, and after the date of the lease, denied all interest, on oath, by lease or otherwise to said lot of land; that after the injunction was granted, the said Howell, with a large number of hands, commenced mining operations on the said lot, under this pretended lease, and was daily digging and carrying away large quantities of gold, and committing irreparable waste and damage to the premises; and that the said Howell is insolvent, and unable to respond for the amount of waste committed, or the rents and profits due the complainant, even if the lease be finally declared valid. The bill prayed an injunction against the trespass, and an account for the gold already taken therefrom.

Andrew Howell filed his answer, admitting the sale and purchase by John D. Field, sen. of the tract of land, but insisting that the same was fraudulent and void. He admitted that the lot was valuable for gold mining, and that the title was in litigation at the time of the sale. He admitted the filing of the bill enjoining the complainant, but insisted that he (Howell) had been in possession, and was mining on the land leased to him, before that bill was filed; that his lease was older in date than the sale and the judgment under which it was made. He denied that he had ever denied having a lease to the land, but explained the circumstance referred to in complainant's bill. He admitted he was poor, but denied being insolvent. He admitted he was digging gold until restrained by the injunction of the Court, and expressed himself willing and ready to settle and account for the rent, under the lease, with John D. Field, sen. or whoever was the legal owner of the fee in the land. He insisted that his lease was older than the judgment and *fi. fas* under which the land was sold, and that he was entitled to the benefit of that lease, notwithstanding the sale. A copy of the lease was made an exhibit to the bill filed by Howell against Field, and that bill, with its exhibits, was made an exhibit to the bill filed by Field. He referred to that exhibit for a copy of his lease. By the terms of that lease

Field *vs.* Howell.

possession was to be taken at the *end* of the litigation as to the title.

Upon the coming in of the answer, the defendant, Howell, petitioned His Honor, Judge *Wright*, at Chambers, showing that he had " fully answered the bill," and praying a *rule nisi* for the complainant to show cause why the injunction should not be dissolved. Whereupon, it was ordered, that the complainant show cause, on the 4th November, 1848, at Cassville, why the Injunction should not be dissolved.

Upon hearing the said motion, it was ordered by the Court, that the injunction be dissolved.

Which order and proceedings are excepted to as erroneous—

1st. Because the defendant's answer does not deny the equity in complainant's bill.

2d. Because there is no sufficient cause alleged for the dissolving said injunction in the petition for the *rule nisi*, or in the *rule nisi*, or in the order dissolving the injunction.

3d. Because an order dissolving an injunction ought to set forth and show a good cause of dissolution.

W. MARTIN, for plaintiff in error, cited—

1 *Kelly*, 6.    3 *Ves.* 140.    6 *Ib.* 707, 147.    17 *Ib.* 110, 128, 281. 7 *Ib.* 589.    2 *John. Ch. Rep.* 122.    1 *John. Rep.* 12.    2 *Ib.* 202, 473.    6 *Ib.* 497.    7 *Ib.* 320, 330.

TRIPPE and W. H. UNDERWOOD, for defendant.

*By the Court.*—NISBET, J. delivering the opinion.

[1.] It seems that Howell, the defendant in error, had filed a bill against the plaintiff, Field, to enjoin him from working on a gold mine in the County of Lumpkin, in which bill he sets up a lease to the mine from one Smith, the original proprietor, of older date than the judgment against Smith, under which Field claims title, and also avers, that his (Field's) title is fraudulent and void. The injunction against Field was granted, and being still undissolved, Howell entered upon the premises and proceeded to dig gold. Field then brings his bill, which is in the nature of a cross bill, against Howell, setting forth his title, reciting Howell's bill

Field *vs.* Howell.

against himself, and asking an injunction against Howell, account of the gold already dug, &c.   The injunction against Howell was granted and he answered Field's bill.   When the answer came in, Howell moved, in Chambers, to dissolve the injunction, which motion the Judge granted, and to this decision Field has excepted.

We are not required in this case to inquire into the principles upon which a Court of Chancery will interfere to enjoin a trespass, the question made being determinable upon other grounds. Those principles are discussed and settled in *Moore vs. Ferrel*, (1 *Kelly*, 7.)

When the defendant sets up a title to the property, adverse to that of the complainant, in a proper case made, it was there held, that a Court of Chancery would not undertake to determine the title, but would lay hold of the property, in the exercise of a preventive power appertaining to that jurisdiction, and, by injunction, protect it until the law tribunal should determine the title. We affirm now this doctrine, but do not think that the facts disclosed in this record will allow of its application.   They distinguish this case from that of *Moore vs. Ferrel*, and show a case, as we shall see, where the defendant Howell's title to enter and dig gold, is paramount to that of the complainant.

It is true that the record exhibits a case in which a party having enjoined his adversary from working a mine, enters himself and proceeds to work it ; and it would seem, as argued by counsel, unjust that a Court of Chancery, having taken hold of land and by injunction restrained one of the parties from its use, should yet permit the other party to enter upon and use it.   Equity would not, ordinarily, permit this to be done.   It is obviously right, that where there is a conflict of title, and one party is enjoined until the title is determined, the other ought to be also.   The Court below, however, was required to exercise its discretion as to the injunction, according to the case made by this bill and answer.   We review its judgment, also, according to the case made in this bill and answer.   The complainant must abide his statements and the answer to them.   If he has in his bill made such statements and admissions as, together with the defendant's answer responsive thereto, show that, notwithstanding his own restraint by injunction, he is not entitled to restrain the defendant, the injunction must be dissolved, and he cannot complain.   The

fact that this is a cross bill, does not vary the rule. Although it is a cross bill it asks an injunction, and must be subjected to the same rules as an original bill asking an injunction. The general rule is, that if the answer contains a sufficient defence to the case stated in the bill, the injunction will be dissolved. *Eden on Injunctions*, 145, 146. 1 *John. Ch. Rep.* 211. 3 *Daniel's Ch. Prac.* .1831, 1832, *and notes. Extraordinary circumstances* may exist, which will constitute an exception to the rule. See Mr. *Story* in *Poore vs. Carleton*, 3 *Sum.* 75, 76 ; also, 3 *Daniel's Prac. note on p.* 1832. There are here no extraordinary circumstances which take this case out of the general rule.

The bill, and the answer responsive to the bill, show a lease to Howell of the premises, older in date than the judgment against the lessor, under which the complainant claims title. There is a right to enter, prior in point of time, and founded on an admitted lease, against which no sufficient averments are made in the bill. If this be so, the Court below had, and we have, no alternative but to dissolve the injunction. I know of no rule of Law, or principle of Equity, which will justify us in restraining a man from the use of property, to the use of which he has an undisputed right. The bill charges, that the defendant, Howell, " *who by some means had obtained a lease from Smith to a part of the lot of land,* filed a bill," &c. After making this statement, the plaintiff proceeds to recite the substance of the bill filed by Howell against him, and makes it and its exhibits, by a clear statement, a part of his own bill. In the bill of Howell, his lease is set forth as the ground of his application to Chancery, for the writ of injunction, and a copy is appended as an exhibit, bearing date on the 3d day of October, 1845—the complainant Field's deed from the Sheriff, bearing date on the 4th of January, 1848. By these statements, and by the complainant Field's exhibits, one of which is Howell's bill and lease, the lease to Howell from Smith is admitted. These admissions as to the lease would not bind Field, if in his bill there were averments distinctly made against it, which would put its *bona fide* character in issue. It is argued that there are such averments. Before looking at them, I remark, that in Equity as well as at Law, the pleadings are to be taken strictly against the pleader, and remark farther, that an allegation of fraud is not sufficient, unless the grounds of fraud are distinctly stated. Upon looking carefully into the bill, I find no allegation at all

against the *bona fides* of the lease. It is spoken of in one instance as a *pretended* lease, without farther averment. And again the pleader refers to it hypothetically thus, " and your orator farther charges, that if the lease to said Howell be valid, (which he utterly denies,) your orator is at least entitled to the rents," &c. This denial of the validity of the lease is more distinctly made afterwards, and the ground of invalidity is set forth, and to which I will presently again advert. Again, the bill charges, that after the date of the lease, Howell denied, on oath, that he had any interest in the land by lease or otherwise. This averment, if uncontradicted, might perhaps be held sufficient to retain the injunction until the hearing. Its effect, however, is completely neutralized by a distinct denial in the answer. Now, none of these statements amount to any sufficient averment against the lease, under any rule of Equity pleadings recognized in our Courts. The bill, therefore, must be taken as admitting the lease from Smith to Howell. But it is insisted, that the bill may admit the existence of the lease, but it does not appear from the bill that it bears date before the judgment against Smith, under which Field, the complainant, claims title, and, therefore, the bill shows a better title than Howell's lease, his title from the Sheriff relating back to the date of the judgment. The position is a sound one. The purchaser at Sheriff's sale, buys the interest in the property owned by the defendant in execution at the date of the judgment; and, if at that time, Howell held no lease, Field acquired a title unencumbered by a lease to him, and of course Howell was a trespasser. As to the date of the judgment, the bill is silent; and it does not admit, expressly or by necessary implication, that the lease was executed before the date of the judgment. It gives the date of the lease, and also the date of the deed to Field, and the latter is several years subsequent to the former; but the answer states plainly that the lease was made anterior to the date of the judgment under which Field bought. The bill and the answer, therefore, establish the fact required. It is still objected, that that part of the answer which shows this fact is not responsive to the bill, but sets up that fact as matter in avoidance, which must be proved upon the trial, and cannot be taken as true on a motion to dissolve. The proposition is sound, that matter in avoidance, not responsive to the bill, is not to be held as true for the defendant on a motion to dissolve.

[2.] The enquiry then is, is the answer in this particular responsive to the bill? A defendant cannot by his answer charge himself, and by affirmatively setting up a distinct matter discharge himself; but an answer which embraces the same transaction, although but a part of it is literally responsive to the charge, I apprehend, may be evidence for him. Lord *Eldon*, in *Thompson vs. Lamb*, said, "He was clearly of opinion that a person charged by his answer, cannot by his answer discharge himself, not even by his examination before a Master, unless it is in this way : if the answer, on examination, states that on a particular day he received a sum of money and paid it over, that may discharge him ; but if he says, that upon a particular day he received a sum of money, and upon a subsequent day he paid it over, that cannot be used in his discharge, because it is a different transaction." 7 *Vesey*, 587. The response certainly cannot be limited to the naked admission or denial of a fact stated, or a charge made, in the bill. The answer, unless full, would be liable to exception. A mere denial might be, and often is, an evasion of the question put, or of the charge made. Now, it is unreasonable not to give the defendant the benefit of that as evidence for him, which, if omitted, would be ground of exception for the plaintiff. That answer which fairly springs out of the charge, which is not collateral to, or independent of it, it would seem, ought to be evidence for the defendant. If the defendant admits or denies a fact charged, and then sets up matter which avoids the effect of the denial or admission, it is clearly not responsive ; but if the complainant charges a fact, and the defendant answers fully as to that fact, in which matter is stated which operates to his benefit, upon principle, it is clearly, to my mind, wrong to take so much of it as is favorable to the plaintiff, as evidence for him, and exclude so much as makes in favor of the defendant, as being no evidence for him. The plaintiff by calling upon the defendant to answer an allegation of fact, thereby admits the answer to be evidence of that fact. If the answer relates to the fact singly, the whole of it is evidence for both parties. If the answer sets up matter foreign to the fact or thing charged, then the defendant is put upon proof of that matter—it becomes in the nature of an allegation of fact against the plaintiff, which he has notice of for the first time, and may be surprised by it. The philosophy of this thing is this : the plaintiff, by going into Equity and compelling the testimony of

the defendant, abides his answer in relation to any distinct fact which he ventures to put to his conscience, whether the answer be favorable, or otherwise, until, if it be unfavorable, at the trial under replication, he disproves its truth. If the bill and answer are before the Court, upon a motion to dissolve, he must abide the answer as it stands.

To apply these principles to the case in hand. The complainant charges, that Howell, by some means, held a lease upon the gold mine—he exhibits that lease—he charges that he holds a title by sale under a judgment against Howell's lessor. As to these allegations of fact, he submits himself to the conscience of Howell, the defendant, and requires his answer. In response, Howell states that he does hold such a lease; that the lease exhibited is a true copy; that there was such a judgment against his lessor, and a sale and purchase as charged, and that the lease bore date before the date of the judgment. Now, why take all of these answers as evidence for the plaintiff, and exclude the answer as to the date of the lease as improper testimony for the defendant? Does not the answer as to the date relate to the same thing—the lease—about which he is required to answer? To the same thing—the judgment—about which he is required to answer? Can the date of the one or the other be separated, as a thing collateral to or independent of it? Is not the date an essential element of the lease and the judgment? Suppose the date of this lease were a fact necessary to the plaintiff's recovery, under just the allegations made in this bill, and the defendant had answered nothing as to the date, would not the answer have been justly liable to exception? The answer as to the time when this lease was executed, it seems to us, springs legitimately out of the allegations in the bill, and is responsive thereto, and we hold, therefore, that by the bill and the answer, the fact is demonstrated, that the defendant, Howell, entered upon this land, having a lease upon it of older date than the judgment under which the complainant holds title, and if that lease be valid, he is not a trespasser, and having been enjoined the injunction ought to be dissolved. 2 *Story's Com. on Eq.* 743, 744. 1 *Johns. Rep.* 580. 2 *Johns. Ch. R.* 91. 3 *Mer.* 10. 12 *Sim.* 48. *Tomlyn's Law of Evidence,* 13, 14, 15. 2 *Daniel's Ch. Prac.* 983, 984, *note* 1. 10 *Yerg.* 115. 6 *Paige,* 295. 3 *Stew.* 95. 8 *Gill & J.* 171. 1 *Ired. Eq.* 226. 5 *Ham. Rep.* 284,

Field vs. Howell.

285. 1 *Russ. & Mylne*, 64. 5 *Sim.* 225. 3 *Russ.* 149. 1 *Greenlf. Ev.* §351. 9 *Cranch*, 160. 1 *Greenlf. Ev.* § 551.

The bill charges, that Howell's possession, under his lease, did not commence until after the complainant's title had accrued, and that it is, therefore, as against him, void. The facts are, that Howell's lease was made and delivered to him before the date of the judgment against Smith, and in the lease itself, it is stipulated that the lessee shall " commence operations within one month after the possession is settled." The land was in litigation between Smith and another, and Howell's right of entry was postponed until after the determination of the suit, and he was required to commence operations within one month from the time it was settled. Before the determination of the suit, the land was sold at Sheriff's sale, and Field became the purchaser. These facts are substantially charged in the bill, and either admitted or not denied by the answer. The point made there is this: Howell not having entered upon the possession of the land under his lease at the time that Field bought, the lease, without the possession, was void, and he, by his purchase, acquired a title to the land unencumbered. We rule it against the plaintiff in error.

[3.] A lease for a term of years, is not a freehold estate, but a chattel, and may be made to commence *in futuro*. *Livery of seisin* is not necessary to a lease for a term of years, and for that reason, unlike a freehold estate, it may be made to commence *in futuro*. At Common Law, the estate in a lease, to commence *in futuro*, did not vest until the tenant had accepted it by entering in possession; but until possession, he held the right of entry, which was called his interest in the term, or *interesse termini*. But where the words and consideration named in the lease, were deemed sufficient to raise a use, the Statute of Uses operated upon the lease, and annexed the possession to the use without actual entry. Under the Statute of Uses, the possession in this case, I think, was annexed to the use, it being a case where the words of the lease and the consideration named create a use.

[4.] If it did not, Howell held the right of entry, and Field bought subject to that right. I apprehend that the idea upon which the plaintiff in error has acted in framing his pleadings, is this, to wit: that Howell not having possession, the sale under the judgment extinguished the lease, and that he bought an unencumbered title. This, however, is an error. He bought the land

encumbered with the lease, for that was the interest, and only that, which the defendant in execution held. He bought no less, and could buy no more, than the estate in the land owned by him. 4 *Kent*, 96, 97. *Bac. Ab. title Leases, M. Coke Litt.* 270, *a. Shep. Touchstone, by Preston,* 267. 2 *Black.* 143, 144. *Co. Litt.* 46.

Let the judgment of the Court below be affirmed.