## ANDERSON *v.* KOKOMO RUBBER COMPANY.

1. Where the owner of certain realty consisting of a lot and the buildings thereon leased the same to a tenant, and before the expiration of the term of the tenancy executed a written lease of the same premises for a period of five years to a second lessee, the latter, upon the expiration of the time of the former tenancy, was vested with the right of possession of the property; and where the former tenant refused to surrender possession and continued to occupy the premises, the second tenant could maintain an action for damages against the former tenant for withholding the right of possession, and could recover in such action the fair rental value of the property in question for the period of his lease.

Appeal and Error 4 C. J. p. 1162, n. 1.
Landlord and Tenant 36 C. J. p. 50, n. 73; p. 51, n. 96, 97; p. 60, n. 40.

2. The Court of Appeals having rendered a decision announcing a ruling contrary to that made above, the judgment must be reversed.

No. 4706. FEBRUARY 19, 1926.

Certiorari; from Court of Appeals. 33 *Ga. App.* 241.

*McDaniel & Neely,* for plaintiff.

*H. A. Etheridge* and *Little, Powell, Smith & Goldstein,* for defendant.

PER CURIAM. Some time in May, or earlier, in 1920, Thomas J. Anderson, the plaintiff, leased from William H. Black a certain building in the City of Atlanta, known as Nos. 103-105 North Pryor Street, at a stipulated annual rental, for a period of five years, to commence on September 1, 1920. The Kokomo Rubber Company, the defendant, was already in possession of the store known as No. 103, as a tenant under Black for a term ending on August 31, 1920, paying a monthly rental of $125. Anderson, with the consent of Black, subleased this store to the Hughes Piano Company for five years at $300 per month, to commence at the expiration of the lease of the defendant, which was notified of the sublease several months before the end of its term. The defendant did not quit as it ought to have done under its lease, and Anderson was unable to give possession to the Hughes Piano Company. After Anderson had made several demands on the defendant to vacate, in order that the Hughes Piano Company might enter, he notified the defendant, on September 3, that the Piano Company would cancel its lease unless permitted to enter without further delay, and that Anderson would hold defendant responsible for any loss which he sustained by reason of its continued occupancy. This notice was ignored; and the Piano Company notified Anderson, on September 8, that the contract between them was cancelled. The Piano Company moved into another building, and the fruits of Anderson's contract with this company were lost. The defendant did not vacate the premises until the latter part of September, 1920. It had claimed an inability to get possession of another place it had rented. In response to the demands for possession, it replied with a positive refusal, claiming that it would be liable only for double rent. Nothing was done by Black amounting to an acquiescence in the holding over. He brought proceedings to eject, but not until after the Piano Company had withdrawn its contract. Anderson, as

soon·as he got possession, rented the property to different persons for various terms at the best prices obtainable, and brought suit against the Kokomo Rubber Company for the difference between the amounts so received and the price at which he had rented the property to the Hughes Piano Company. He sued also for punitive damage, laying his entire damages at $15,000. The petition alleged: "That the Hughes Piano Company cancelled its lease with petitioner solely because of defendant's arbitrary and unlawful retention of said property, by reason of which William H. Black, the landlord, could not put petitioner or the Hughes Piano Company in possession;" and that all of petitioner's "loss and damages were occasioned by defendant's unwarranted and illegal action in interfering with and unlawfully holding possession of property leased by petitioner."

The defendant demurred upon the ground that "said petition sets forth no cause of action, . . for the reason that the damages therein sought to be recovered are too remote and contingent, and not susceptible of computation, and not within the contemplation of the parties;" "that the petition shows that plaintiff could have reduced the damages to a sum not exceeding double rent for the month of September, 1920, had he promptly resorted to the statutory mode of dispossession provided by law; and if said course had been pursued by the plaintiff even as late as the 4th of September, 1920, defendant could have been expelled from the premises in three days time, which date was prior to the 8th of September, the date upon which the five years lease of the Hughes Piano Company is alleged to have been cancelled." The demurrer prayed judgment by the court that the petition set forth no cause of action, "except to the extent of double rent of the premises" during the time of the holding over. The demurrer was overruled, and the defendant excepted. The exceptions were dismissed by the Court of Appeals (*Kokomo Rubber Co.* v. *Anderson,* 29 *Ga. App.* 98, 114 S. E. 64), since the judgment made no final disposition of the case, the demurrer not disputing that a cause of action was set forth for some amount. Leave was given, however, that the official copy of the bill of exceptions of file in the office of the clerk of the trial court should operate as exceptions pendente lite. The original answer, which, consistently with the demurrer, contended that the measure of the plaintiff's damage

was double rent, was so amended as to allege that the measure was only the fair rental value of the premises during the period of the holding over. The case proceeded to trial in the court below, resulting in a verdict in favor of the plaintiff for $11,605. Barring the conclusions, such of the averments of the petition as were not admitted by the answer were established without dispute. The defendant made a motion for a new trial, which was overruled, and it excepted. Error was also assigned upon the pendente lite exceptions to the overruling of the demurrer.

The facts are as stated by the Court of Appeals in connection with its decision, and they are restated here because they are necessary to an understanding of the opinion which follows. The Court of Appeals reversed the judgment of the trial court, and the plaintiff filed its petition for certiorari, which was granted by this court, and the case is thus brought here for review. In the petition for certiorari error is assigned upon the ruling contained in the following portion of the decision rendered by the Court of Appeals: "The suit is not sustainable under the Civil Code, § 4471, providing that the bare right of possession of land authorizes the recovery of damages for the withholding of the right, for two reasons: First, if before entry Anderson had a right of possession, he had sold the same to the Piano Company; second, the plaintiff's lease from Black was one in reversion, giving the plaintiff no interest in the property, nor any right of possession until entry. His lease was to commence in the future, at the expiration of the term of the defendant. 'At common law the estate in a lease, to commence in futuro, did not vest until the tenant had accepted it by entering in possession; but until possession he held the right of entry, which was called his interest in the term, or interesse termini.' *Field* v. *Howell*, 6 *Ga.* 423 (3), 431; 6 R. C. L. 683, § 124; 4 Kent's Commentaries (14th ed.), 97. The defendant, therefore, violated no right of possession of the plaintiff. Prior to the plaintiff's entry, his rights were only in his contract with Black. His lease did not make him the defendant's landlord. Any right, therefore, to proceed against the defendant as a tenant holding over remained in Black. 'The right to maintain an action against a tenant for damages for wrongful holding over is generally held to be restricted to the landlord; and it has been held, though the authorities are not in entire accord, that such an

action can not be maintained by one to whom the landlord has leased the premises for a term to commence after the expiration of the overholding tenant's term.' 16 R. C. L. 1168, § 690; L. R. A. 1915C, 169, note. The defendant's original entry was lawful; and although his holding over was wrongful, it was not a trespass. . . It was even wrongful only as against Black because Black could have consented and made it legal, irrespective of the wishes of Anderson or the piano company. *Stanley* v. *Slembridge, 140 Ga.* 750 (5) [79 S. E. 842]; King *v.* Durkee-Atwood Co., 126 Minn. 452, 148 N. W. 297, L. R. A. 1915A, 235."

Plaintiff in certiorari makes, among others, the contention that the reason advanced by the Court of Appeals in holding that the action is not sustainable under section 4471 of the Civil Code, to wit, that "plaintiff's lease from Black was one in reversion, giving the plaintiff no interest in the property, nor any right of possession until entry," is based upon a misconception of the Code section last referred to, and that this section of the Code gives effect to the statute of uses and makes the principle of the statute applicable to the case presented by the facts in this record. Section 4471 of the Civil Code is in the following language: "The bare right of possession to lands authorizes their recovery by the owner of such right, and also damages for the withholding of the right." And with the contention of the plaintiff, that this section is applicable to the case as made by the petition, we agree. The plaintiff had a written lease from the owner of the premises in question, for a term of five years. This created an estate in realty in the lessee. An estate for years, if it be in lands, passes as realty in this State. Civil Code, § 3685. Upon the termination of the lease of Kokomo Rubber Co. with Black on August 31, 1920, the right of possession in Anderson became complete, and that right of possession was in no way dependent upon a prior entry. The Court of Appeals quotes from the case of *Field* v. *Howell,* 6 *Ga.* 423, as supporting their ruling in this portion of the decision. But upon careful consideration of that case it seems to support the conclusion which we have reached, different from that reached by the Court of Appeals. In that case it was said: "At common law, the estate in a lease, to commence *in futuro,* did not vest until the tenant had accepted it by entering in possession; but until possession, he held the right of entry, which

was called his interest in the term, or *interesse termini*. But where the words and consideration named in the lease were deemed sufficient to raise a use, the statute of uses operated upon the lease, and annexed the possession to the use without actual entry. Under the statute of uses, the possession in this case, I think, was annexed to the use, it being a case where the words of the lease and the consideration named create a use." The lease in the present case was "for a term of five years, . . for an annual rental of $16,250.00 and covering premises [the lot and buildings described], the ground floor to be used for stores or restaurant or other legitimate business, and the entire upper floor for hotel purposes." If the "words and consideration named in the lease," which were discussed in *Field* v. *Howell*, supra, were deemed sufficient to raise a use, so that the statute of uses operated upon the lease, and annexed the possession to the use without actual entry, we conclude in this case, as was concluded in that case, that the possession was annexed to the use; and the case is brought within the provision of the statute embraced in section 4471 of the Civil Code, that the right of possession of the lands authorizes their recovery by the owner of such right "and also damages for the withholding of the right." Under the title of Landlord and Tenant, 36 Corpus Juris, 50 et seq., we find the following: "A lease gives the right of possession of the premises against the whole world, including the owner. . . A tenant is entitled to possession as against a former tenant whose right has expired, or has been forfeited." And so we decide in this case, that when the lease of the defendant with Black expired, there was a present right of possession in the plaintiff in the court below. And while the plaintiff, not being a party to the contract of rental between Black and the defendant, could not sue merely for a breach of the contract, he could sue for the wrong and injury done him by the defendant, and for damages resulting from the "withholding of the right" of possession. And that is what the plaintiff is suing for. In his petition he alleges that the right of the defendant to occupy the premises in question expired on August 31, 1920. The right of the plaintiff to possession upon the expiration of the tenancy of the defendant is shown; the withholding of the right of possession is further shown. It is also alleged in the petition that, with the consent of the owner, the plaintiff had sublet the

storeroom occupied by the defendant, for a period of five years at a monthly rental of $300; that plaintiff was unable to deliver possession to the second lessee, because of defendant's wrongful retention of the property, and that the storeroom remained vacant for several months, entailing a loss during that time of $300 a month on the plaintiff; and that then plaintiff had leased the storeroom for twelve months at a monthly rental of $200, which new rental entailed a further loss of $100 a month for twelve months; that he had been unable to rent the storeroom for any period after the expiration of the twelve months referred to, and that for· the remainder of petitioner's lease said storeroom will remain vacant, and entail a monthly loss in rental of $300 per month upon petitioner; "which said sum is the fair monthly rental value of said storeroom, or a total sum of $13,200."

In view. of what is ruled above as to the plaintiff's right of possession of the premises, the plaintiff stated a case for the recovery of damages against the defendant for withholding possession,— not based upon breach of the contract which the defendant had with Black, but for the tort resulting in damages to the right of possession.   We therefore conclude that the trial court properly overruled the demurrer to the petition, and consequently that the Court of Appeals erred in deciding and adjudging that this ruling of the trial court was error, and in further holding that it was "consequent error to refuse the defendant's motion for a new trial."   There are other grounds taken in the petition for certiorari, with which we do not deal, as the error which we have pointed out above is fundamental, and the principle that we have ruled in this decision determines the plaintiff's right to maintain the action as brought and for the damages sought to be recovered. Nor have we dealt with certain special grounds of the motion for a new trial, inasmuch as the Court of Appeals did not pass upon them, no ruling upon the part of that court being required under their view upon the fundamental and controlling question in the case.   But inasmuch as the judgment of the Court of Appeals is reversed, the case is remanded for another hearing before that court, and the special grounds of the motion can there be reviewed and passed upon.

*Judgment reversed. All the Justices concur, except* BECK, P. J., dissenting.   I am of the opinion that the decision

rendered by the Court of Appeals in this case is correct, and that their judgment should be affirmed. The full discussion by Judge Bell of the questions involved renders an elaboration of the reasons for this dissent unnecessary.